UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JENNIFER ROBERTS, individually and on behalf of all others similarly situated,

    *Plaintiff,*

v.

MEDCO HEALTH SOLUTIONS, INC., a Delaware corporation, and ACCREDO HEALTH GROUP, INC., a Delaware corporation,

    *Defendants.*

CASE NO.: 4:15-cv-1368

## STIPULATED PROTECTIVE ORDER

Whereas, during the course of this litigation, the parties anticipate that requests may be made involving disclosure of confidential, private, proprietary, and/or HIPAA-protected information, and to facilitate the exchange of such information for purposes of this lawsuit only, Medco Health Solutions, Inc. and Accredo Health Group, Inc. (collectively "Defendants") and Plaintiff Jennifer Roberts ("Plaintiff"), by and through their respective attorneys of record, stipulate, agree and ask the Court to order as follows:

### STIPULATION

1.   "Confidential Information" The parties may designate any document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Stipulated Protective Order ("Order").

    (a)   The term "Confidential Information" as used herein is information falling within the following categories which has not been made public and which the producing party believes in good faith to warrant protection from public disclosure, including: HIPAA-protected information; phone

records, a party and/or non-party's financial books and records; tax returns; tax statements; billing information; bank account information; W-2s; 1099s; non-public contracts and agreements; competitively sensitive information; and business processes. Confidential Information also includes any and all summaries, copies, abstracts, compilations or other documents derived in whole or in part from the Confidential Information.

(b) The designation of information as Confidential Information in this proceeding is solely for purposes of this Order, without prejudice to any party's right to contest that designation in any other context. All Confidential Information produced in this case, and materials and information received through discovery shall be used solely for the purpose of this litigation as permitted under this Order and shall not be used for any other purpose. This includes, but is not limited to, non-litigation, arbitration/litigation in other cases, dissemination to third-parties for any purposes, dissemination to the press, attorneys not representing parties in this litigation, or state or federal governmental agencies, offices, agents, officials (elected or otherwise), except pursuant to valid subpoena. If a valid subpoena is issued for any documents produced and designated as Confidential Information, the party so served shall immediately serve a copy of the subpoena on all parties, so the other party(ies) has the opportunity to move to quash.

2. Designation of Information as Confidential

(a) Any information supplied in electronic, written, documentary or other tangible form, which a supplying party wishes to designate as Confidential Information, shall be labeled by the supplying party as "CONFIDENTIAL". Neither the designation nor the disclosure of information pursuant to this Order shall operate as a waiver of attorney-client privilege or protections afforded by the attorney work product doctrine with respect to the subject of the information disclosed.

(b) When information contained or incorporated in a deposition transcript is designated by a party as Confidential Information, including by so designating such information on the record at deposition, arrangements shall be made with the deposition's reporter by the party making the designation to bind the confidential portions of the transcript separately and label it "CONFIDENTIAL", as appropriate. Further, during depositions, any party claiming confidentiality with respect to Confidential Information that is to be disclosed or upon which questions may be based may exclude from the room any party or person who is not a Qualified Person with respect to that material as set forth in paragraph 3(a) below.

3. Non-Disclosure of Confidential Information

    (a) Information and materials designated as Confidential Information pursuant to this Order, including documents labeled "CONFIDENTIAL" pursuant to paragraph 2(a), may be disclosed or made available only to the Court, to the undersigned counsel for each party to this case (including the paralegal, clerical and secretarial staff employed by such counsel), a party, court reporter(s) employed in this action, and to the "Qualified Persons" as described in paragraph 4 below, and shall not be given to, reviewed by, given copies to, sent to or otherwise made available in any way, to those not so designated.

    (b) Each person, including counsel for a party, who receives Confidential Information pursuant to this Order shall maintain it in a secure manner that limits access only to persons permitted to have access to such information as set forth in paragraph 3(a) above.

    (c) Within 60 days after the final termination of this action, the receiving party shall either: (1) assemble and return to each designating party or person, or (2) destroy all material embodying information designated as Confidential Information, including all copies of such documentary material.  Should a party elect to destroy all materials rather than return such materials, counsel for such party shall provide a written confirmation of such destruction within 60 days after the final termination of this action.

    (d) The parties stipulate and agree that Confidential Information shall not be used for any purpose other than this litigation.

    (e) This Order applies only to the use or disclosure by a party of Confidential Information designated as such by another party.  It shall not have the effect of limiting the supplying or designating party's right to make use of the party's own documents, materials and information for any proper purpose outside of this litigation.

4. "Qualified Persons"

    (a) For the purposes of this Order, "Qualified Persons" are:

        i. Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;
        ii. A witness at any deposition or other proceeding in this action; and
        iii. Any other person as to whom the parties agree in writing.

    (b) Before receiving any Confidential Information, each Qualified Person shall be provided with a copy of this Order and, with regard to any non-

3

     party witness, or Qualified Persons identified in 4(a), shall execute a nondisclosure agreement in the form of the attached Exhibit A.

   (c) A Qualified Person with custody of information designated as Confidential Information shall maintain it in a manner that limits access only to Qualified Persons. Further, each Qualified Person with custody of such information shall, within 60 days after the final termination of this action, assemble and return to each supplying party or person all material embodying information designated as Confidential Information, including all copies of documentary evidence.

 5. Court Procedures  In the event that any Confidential Information is used in any proceeding in this action, it shall not lose its status as Confidential Information and the party using it shall take all reasonable steps to maintain its confidentiality during such use, as follows:

   (a) For applications and motions to the Court, in connection with which a party submits Confidential Information, all documents containing Confidential Information which are submitted to the Court shall be filed with the Court under seal. The filing party shall immediately provide counsel for the non-filing party with a complete, unredacted copy of the document.

   (b) Any hearing which refers to or describes Confidential Information may in the Court's discretion be held in camera.

   (c) If any party desires at a hearing or trial to offer into evidence Confidential Information or otherwise to use Confidential Information so as to reveal its nature, such offer or use shall be made only upon taking all necessary steps to preserve the confidentiality of the material. The party desiring to offer into evidence Confidential Information shall ask the Court to instruct the court reporter to separately transcribe those portions of the testimony so designated and place the following words on the cover of the transcript containing such information: "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" as appropriate.

 6. No Probative Value  This Order is entered for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. The designation of information or material as Confidential Information pursuant to this Order shall not determine or affect the probative value of the information.

 7. Procedure for Challenging Designations. If a party challenges the designation of any other party made pursuant to this Protective Order, the challenging party shall provide the designating party written notice of any such challenge and shall identify in such notice the bates number of the documents and/or the deposition transcript at issue. The parties shall make good faith efforts to resolve the dispute. The party defending the designation shall have the burden to

demonstrate to the Court that the designation is proper under this Protective Order. If the parties cannot resolve their dispute, it may be submitted to the Court for determination. The Confidential Information in controversy shall not be disclosed or declassified until required by the Court upon written order, or as agreed in writing by the party who designated the information.

8. Inadvertent Disclosure  Should any document or information designated as Confidential Information pursuant to this Order be disclosed, through inadvertence or error, to any person or party not entitled to receive same hereunder, then the parties shall use their best efforts to bind such persons to the terms of this Order and:

(a) such person shall be informed promptly of all of the provisions of this Order by the party who inadvertently disclosed the Confidential Information;

(b) such person shall be identified immediately to the party that designated the document or information as Confidential Information; and

(c) such person shall be asked to sign an agreement to abide by the terms of this Order, which signed agreement shall be served on the party designating the document as Confidential Information.

9. Discoverability and Admissibility of Documents  Nothing in this Order shall be construed to affect either the discoverability or admissibility at a hearing or trial of any document, recording or thing. Neither shall any party's entry into this Order be deemed to waive either its/his right to object to the production of documents, recordings, or things on appropriate grounds, or to move to compel the production of documents, recordings or things wrongfully withheld from production by another party or entity on appropriate grounds.

10. No Waiver  No party to this action shall be obligated to challenge the propriety of any designation and a failure to do so shall not constitute a waiver of, or preclude a subsequent attack on, the propriety of such designation. Nothing in this Order shall abridge the right of any person/entity to seek review or to pursue other appropriate action to seek a modification or amendment of this Order.

11. Court's Jurisdiction  This Order shall survive the final termination of this action, to the extent that the information designated as Confidential Information is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed pursuant to or in violation of this Order.

12. Treatment of Materials While Order is Pending  Upon execution of this Order by counsel to the parties hereto and while this Order is pending before the Court, all documents and information produced by any party that is designated as Confidential Information shall be treated by the parties as classified by the designated party pursuant to the terms of this Order.

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| **HUSCH BLACKWELL LLP** | **EDELSON P.C.** |
| Attorneys for Defendants | Attorneys for Plaintiff Jennifer Roberts |
| | |
| By: /s/ Christopher Smith | By: /s/ Ari J. Scharg |
| Christopher Smith, Esq. | Ari Scharg, Esq. |
| | |
| Dated: Jan. 18, 2016 | Dated: Jan. 18, 2016 |

IT IS SO ORDERED this 21st day of January, 2016

                                         Honorable Catherine Perry
                                         United States District Judge

## EXHIBIT A

### NON-DISCLOSURE AGREEMENT

I, _____ (Print Name), being of full age, certify that I have read the Stipulated Protective Order entered in the case entitled, <u>Jennifer Roberts, individually and on behalf of all others similarly situated, v. Medco Health Solutions, Inc. and Accredo Health Group, Inc.</u>, Case No. 4:15-cv-1368 (E.D. Mo.) and agree to be bound by its terms; to maintain that information designated as Confidential Information in confidence; not to use or disclose information designated as Confidential Information to anyone other than to a Qualified Person; and not to use Confidential Information except in connection with this case, provided that nothing shall prevent disclosure beyond the terms of this Order if the party claiming confidentiality consents in writing prior to disclosure.

To effectuate my compliance with this Order, I further submit myself to the personal and subject matter jurisdiction of the United States District Court for the Eastern District of Missouri, in this action.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


_____
Signature


_____
Print Name


_____
Address