UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER ROBERTS, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:15 CV 1368 CDP |
| MEDCO HEALTH SOLUTIONS, INC., et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Jennifer Roberts alleges that defendants Medco Health Solutions and Accredo Group, Inc.[1] placed more than 100 calls to her cell phone number without obtaining her consent. She claims the calls violated the Telephone Consumer Protection Act, 48 U.S.C. § 227, as well as the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.1076, and she has brought this case both individually and as a class action. The parties have now filed cross-motions for summary judgment on Robert's individual claims, and no class certification proceedings have been held.

---

[1] Medco is a pharmacy benefits manager and owns affiliated entities that operate mail-order pharmacies. Accredo is a pharmacy that dispenses specialty medication. Both defendants place calls to patients related to medications or prescription benefits.

The summary judgment briefing was rife with disputed facts, including the total number of calls made, whether the calls were consented to, and whether defendants were on notice that plaintiff was not the intended call recipient. But the facts disputed in the briefs are not material to this decision. For reasons discussed below, only five phone calls are at issue in this matter, and the content of those is undisputed. I conclude that all five fall under the TCPA exception for calls made for an emergency purpose. Defendants' motion for summary judgment will therefore be granted as to Roberts' TCPA claim. Additionally, both because the federal Missouri Merchandising Protection Act claim is now dismissed and because Roberts' MPA claim raises a novel and complex issue of state law, I decline to exercise jurisdiction over her Missouri claim, and it will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c).

**DISCUSSION**

Roberts' TCPA Claim

Initially it is important to clarify the nature of Roberts' TCPA claim. The TCPA provides:

(1) Prohibitions
It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United states---
   (A) To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using *any automatic telephone dialing system or an artificial or prerecorded voice—*

>     (iii) To any telephone number assigned to a … cellular telephone service….

47 U.S.C. § 227(b) (emphasis added).  As indicated in her amended complaint and confirmed by her attorney at the motion hearing, and despite much discussion of "robocalls" in the filings for this case, Roberts is claiming only that the defendants violated the TCPA by using an artificial or prerecorded voice.  She has not asserted any TCPA violation arising from the use of an automatic telephone dialing system.

Factual Background

In March 2015 Roberts purchased a pre-paid cell phone and was assigned a phone number that had previously been assigned to someone else.  Shortly thereafter, she began receiving automated calls from defendants that were intended to reach the former owners of the number.

The prior owners of the phone number were family members – Wife, Husband, and Son – for whom defendants, who are pharmacy benefit managers, provided prescription and health benefit services.  The evidence indicates that each of the family members was receiving one or more prescription medications from defendants that would have been important to their continued health.  The family members had provided the phone number during a February 24, 2015 phone call between Husband and a representative for defendants.  Husband indicated that the medicine Son was taking was "a must" and without it, Son could end up in the hospital.  The representative made a note in Son's file that an update in Son's

insurance was needed immediately because he was "very, very desperate for very expensive medication."

Roberts alleges that 115 calls were made to her phone. She answered only two of them. She alleges that an additional eleven calls went to her voicemail, but she saved only three of the voicemails. After talking to her lawyers, Roberts deleted the remaining eight calls and later got rid of the telephone. Because Roberts herself intentionally destroyed all evidence of those eight voicemails, and has given no explanation for having done so, I will not consider them as part of her claim.

At some time after the first few calls, Roberts installed a call-blocking application on her phone. The application allowed her to see that she had been called by defendants, but it stopped her phone from ringing and prevented the calls from going through to her voice mail. Because a call in which a prerecorded voice "might, but does not, play" does not trigger violation of the TCPA, any calls that were blocked by the call-blocking application do not constitute violations and are not at issue here. *See Ybarra v. Dish Network, L.L.C.*, 807 F.3d 635, 641 (5th Cir. 2015). Therefore, I am only considering five calls as part of Roberts' claim – two answered calls and three voice messages. All of the calls were made using an automated or prerecorded voice.

The two calls answered by Roberts occurred on March 23, 2015 and, probably, March 27, 2015. Accredo's data indicates both calls proceeded as follows, though there is no recording of either call:

> Accredo: Hello. This is Accredo, an Express Scripts company, calling with important information. I'd like to speak to [Son]. Is this [Son]?
>
> Roberts: No.
>
> Accredo: Would you be willing to take a message for [Son]?
>
> Roberts: No.
>
> Accredo: OK, this was regarding their order. Our toll free number is (844) 665-7345, should you be able to pass the information on. Thank you. Good bye.

Roberts could not recall the content of the March 27 call and does not dispute that this was the initial content of the March 23 call. However, she contends that the March 23 call continued and she spoke to a human representative, a contention that defendants dispute. Whether Roberts did or did not speak to a representative is not material to my decision.

The three voicemails Roberts did not delete stated as follows:

Voicemail 1:

This is Express Scripts calling for [Husband] about a recent order. On July 6, we sent a request to your doctor who has not yet responded. We need your help. Please call your doctor and ask them to return Express Scripts' renewal request by July 15. We will be unable to fill your request without your doctor's response.

Voicemail 2:

This is Accredo, an Express Scripts company. Calling for [Son]. We're trying to reach you about an order. Since it's important that you place this order soon, please call us back toll free at (844) 665-7345. We'll be unable to ship your order without speaking with you first. Again, the number is (844) 665-7345. Thank you. Good-bye.

Voicemail 3:

Hello. This is Express Scripts calling for the [Family] household. We are calling to let you know that we received an order for you on July 6. We're currently working to process your order and ship it to you. You can expect it to arrive within the next two to five business days. If there are any delays, we will be sure to contact you. Otherwise, there's nothing more you need to do. If you'd like more information about the status, you can always visit our website at express-scripts.com. Thank you for your time and using Express Scripts. Have a good day. Good-bye.

Analysis

I conclude that Roberts' claim under the TCPA fails because each of the five calls at issue is covered under the "emergency purposes" exception to the TCPA. The TCPA prohibits any call "other than a call made for emergency purposes" to a cell phone using an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(iii). The FCC has defined calls made for an emergency purpose as "calls made necessary in any situation affecting the health and safety of consumers." 47 C.F.R. § 64.1200. Roberts has argued that this exception is limited to large scale emergencies, such as natural disasters, that affect significant portions of the population. But the plain language of the regulation in no way limits its application based on the size or public impact of the reason for the call.

As noted by defendants, in many instances a patient's ability to timely receive a prescribed medicine is critical in preventing a major health emergency. In this case, one of the family members who was the intended recipient of the calls was taking medications whose absence would have significantly impacted his ongoing health. Calls like the ones here, involving an attempt to confirm or refill a prescription order, schedule a prescription delivery, or confirm that a prescription is on its way, fall within the ambit of "calls made necessary in any situation affecting the health and safety of consumers."

Roberts has pointed out that the FCC recently created an exemption from the TCPA for calls "for which there is exigency and that have a healthcare treatment purpose." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 8031 (2015) (Omnibus Ruling). She avers that if calls regarding an individual's healthcare were already covered under the emergency purposes exception, there would have been no need for the FCC to create this exemption. However, Roberts' interpretation would defy the plain language of the emergency purposes definition. Furthermore, the FCC addressed this issue in a brief defending its Omnibus Ruling. There, the Commission seemed to acknowledge that many healthcare calls fall within both the emergency purposes exception and the healthcare exemption. For those that do not fall within the healthcare exemption, the FCC opined that parties are free to rely on the

emergency purposes exception as appropriate. *See ACA International, et al., v. FCC*, No. 15-1211, 2016 WL 194146 (C.A.D.C.), Brief for Respondent at *71-72 ("Rite Aid has not identified any HIPAA-covered healthcare calls that would fall within the statutory exception for calls made for an emergency purpose, but outside the Omnibus Ruling's [healthcare] exemption. … Should such calls arise, parties can rely on the emergency-purposes exception on a case-by-case basis.").

Summary Judgment is appropriate when the undisputed facts, reviewed in the light most favorable to the non-moving party, show that the movant is entitled to judgment as a matter of law. Here the undisputed evidence shows that plaintiff received five phone calls using a recorded voice. Based on the content and purpose of those calls, I conclude that they are all covered by the emergency purposes exemption and so none of them violated the TCPA. Defendant is therefore entitled to judgment on the TCPA claim.

Finally, Plaintiff's claims under the Missouri Merchandising Practices Act §407.7076, Mo.Rev.Stat., depend on whether the calls constitute "telemarketing" under that Act. It appears that no Missouri court has ever interpreted this portion of the statute. Additionally, the statute requires proof of actual damages, although that is also undefined in the context of this case. Federal law provides the courts with discretion in whether to exercise supplemental jurisdiction over a state law claim where the state law claim raises a novel or complex issue of state law or

where all claims over which the court has original jurisdiction have been dismissed. *See* 28 U.S.C. § 1367(c). Because both circumstances exist here, I am declining to exercise supplemental jurisdiction over plaintiff's Missouri Merchandising Practices Act claim, and Roberts' second cause of action will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [44] is **GRANTED** as to plaintiff's First Cause of Action.

**IT IS FURTHER ORDERED** that plaintiff's Second Cause of Action is dismissed without prejudice for the reasons discussed above.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

A separate judgment in accord with this Memorandum and Order is entered this same date.

                                                      /s/ Catherine D. Perry
                                                      CATHERINE D. PERRY
                                                      UNITED STATES DISTRICT JUDGE

Dated this 26th day of July, 2016.